**Opinion issued October 29, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00035-CR

———————————

**CHAD LEE BRUBAKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Court Case No. 23075**

---

### MEMORANDUM OPINION

Appellant, Chad Lee Brubaker, pleaded guilty to the felony offense of aggravated assault and true to enhancement allegations of two prior felony convictions. *See* TEX. PENAL CODE ANN. §§ 12.42(d) (West Supp. 2014); 22.02(a)(1) (West 2011). In accordance with appellant's plea-bargain agreement

with the State, the trial court found sufficient evidence to find appellant guilty, but deferred making any finding regarding appellant's guilt and placed appellant on community supervision for a period of ten years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2014). The State subsequently filed a motion to adjudicate appellant's guilt, alleging that appellant violated the terms of his community supervision. *See id.* §§ 5(b), 21(e). Appellant pleaded not true to the alleged violation. The trial court found the State's allegations true, adjudicated appellant guilty, and sentenced appellant to thirty years' imprisonment. *See id.* §§ 5(b), 21(b), 23. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Jennifer L. Bergman must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).